FORT WHITE HARD ROCK COMPANY, A CORPORATION, *Appellant*, v. AUGUSTINE L. TAVEAU AND WIFE, *Appellees*.

Opinion Filed February 11, 1913.

1. Upon a bill for an accounting without specific prayers, a decree was passed ordering an accounting in general terms; an

9—Vol. 65

appeal therefrom does not call for an adjudicating as to specific items.

2.  A petition for modification of a supersedeas will be denied, when no great emergency appears and the cause has been reached for final hearing.

Appealed from the Circuit Court for Columbia County.

Order affirmed.

*A. J. Henry,* for Appellant;

*R. T. Boozer,* for Appellees.

COCKRELL, J.—Taveau and wife filed their bill for an accounting and other relief upon a ten year lease of lands for phosphate purposes, executed in 1904, as supplemented by another lease executed in 1907. There was a decree adjudicating equities in their favor and ordering an accounting "under the terms of the instrument sought to be foreclosed," from which decree the Hard Rock Company appeals.

No objection is made to the generality of the order of reference, but the appellant assumes an adjudication as to various items claimed in the bill, for which assumption we find no basis on this record. Until these claims have in fact been adjudged in the Circuit Court, we must decline to attempt a review of the points in issue. The decree cannot be made specific by reference to the prayer of the bill seeing that the prayer is likewise general, no specific basis for an accounting being therein requested.

The answer upon which issue was joined and evidence taken, sets up defenses in abatement, or possibly in bar, to the right to an accounting at all, and these alone were

submitted to and passed upon in the decree before us.. Upon these issues the Chancellor is abundantly sustained in the proofs submitted to him.

The appellant has applied for a modification of the supersedeas obtained by it, so as to permit the sale of the phosphate now mined and on the ground. Upon the going down of our mandate, the Circuit Court will soon be in complete control of this aspect of the case, and the emergency and merit of the application are not such as to justify us in entertaining the motion.

The decree is affirmed.

SHACKLEFORD, C. J., AND TAYLOR, HOCKER AND WHITFIELD, J. J., concur.